UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY ZIEGLER, INDIVIDUALLY AS WIFE OF AND MARK ZIEGLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-246** |
| **WALMART STORES, INC. ET AL.**[1] | **SECTION "B"(1)** |

### ORDER & REASONS

Before the Court are defendant Walmart Inc.'s motion for summary judgment (Rec. Doc. 15), plaintiffs Kelly Ziegler and Mark Ziegler's opposition (Rec. Doc. 30), and defendant's reply (Rec. Doc. 33). For the following reasons,

**IT IS ORDERED** that defendant's motion for summary judgment is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Claiming merchant liability, plaintiffs filed their state-court suit against Walmart Stores, Inc. and Walmart Claims Services, Inc. after two boxed shoe racks fell from their shelf onto Kelly Ziegler. Plaintiffs contend Mrs. Ziegler shifted the front-facing shoe rack to read information contained on the box when the two boxes vertically stacked behind the first "fell striking a hard blow to Plaintiff's head." Rec. Doc. 1-1 at 2 ¶ 8 (first).[2] With two nearly twelve-pound boxes on top of her, a Walmart employee appeared, lifted them off Mrs. Ziegler, and announced "a box fell on a lady." *Id.* at 2 ¶¶ 6, 7 (second). Mrs. Ziegler departed the store with head, neck, and back pain, but returned that evening to make a report. *Id.* at 2–3 ¶¶ 7 (second), 8 (second). At the time of the report, plaintiffs allege a Walmart associate "moved a box that was near the one that fell and that box fell as well." *Id.* at 3 ¶ 8. Mrs. Ziegler also went that night to a hospital emergency room for her worsening symptoms. *Id.* at 3 ¶ 10. In the days following, plaintiffs allege Mrs. Ziegler's symptoms increased to include memory loss, difficulty

---

[1] The only remaining defendant is Walmart, Inc. See Rec. Doc. 9.
[2] Plaintiffs mistakenly list two paragraphs numbered "7" and "8." See Rec. Doc. 1-1 at 2–3. We designate the paragraph referenced with "first" or "second."

focusing, noise and light sensitivity, headaches, and nausea. *Id.* at 3 ¶ 11. Due to the continued symptoms, plaintiffs aver Mrs. Ziegler had to resign from her job as a full-time hospital nurse. *Id.* at 4 ¶ 13.

Plaintiffs allege Mrs. Ziegler suffered physical and employment-related damages, including mental anguish and emotional distress. *Id.* at 6 ¶ 23. Without precisely designating damages for Mark Ziegler, plaintiffs include loss of consortium as recoverable from his wife's suit. *Id.* Pursuant to merchant liability through Louisiana Revised Statute § 9:2800.6, plaintiffs contend Walmart "breached their duty to maintain a premises free of hazards and to keep their isles, [sic] passageways, and floors in a reasonably safe condition which may cause injuries." *Id.* at 6 ¶ 22.

Defendants timely removed the action pursuant to 28 U.S.C. § 1332 diversity jurisdiction. *See* Rec. Doc. 1 at 2. In their answer, defendants submit "Walmart Stores, Inc." is improperly named for "Walmart Inc." *See* Rec. Doc. 5 at 1. Plaintiffs subsequently moved to dismiss Walmart Stores, Inc. and Walmart Claims Services, Inc., while maintaining an action against Walmart Inc. *See* Rec. Doc. 8; *see also* Rec. Doc. 9 (order granting same). Defendant Walmart Inc. now brings its motion for summary judgment. Rec. Doc. 15. Plaintiffs oppose, to which defendant replies. Rec. Docs. 30 and 33.

**LAW AND ANALYSIS**

    **A. Motion for Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). However, even if not accompanied by an affidavit, material in support or opposition of a motion for summary judgment may be considered as long as it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but

"refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). However, where the movant bears the burden of proof on an issue, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

### B. Louisiana Substantive Law

The Fifth Circuit has interpreted the United States Supreme Court's decision in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), to "require[] that federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). Here, jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. *See* Rec. Doc. 1 at 2. As such, the Court must apply substantive state law. *See Cates*, 928 F. 2d at 687. Both parties seemingly concede that Louisiana substantive law should apply in the instant matter. *See* Rec. Doc. 15-1 at 7; Rec. Doc. 30-1 at 5.

### C. Louisiana Merchant Liability

Plaintiff's complaint alleges an action under Louisiana Revised Statute § 9:2800.6. Rec. Doc. 1-1 at 4–5 ¶ 17. According to Louisiana Revised Statute § 9:2800.6:

> A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

La. Rev. Stat. § 9:2800.6(A). With a falling merchandise claim, a plaintiff must show that: (1) she did not cause the merchandise to fall; (2) another customer in the aisle at that moment did not cause the merchandise to fall; and (3) the merchant's negligence was the cause of the accident. *See Davis v. Wal-Mart Stores, Inc.*, 2000-0445 (La. 11/28/00), 774 So. 2d 84, 90. Circumstantial evidence can be sufficient for proof of merchant negligence. *See Smith v. Toys "R" Us, Inc.*, 98-2085 (La. 11/30/99), 754 So. 2d 209, 213–14. With such evidence, "the inferences drawn from the circumstantial evidence must cover all the necessary elements of negligence, and the plaintiff must still sustain the burden of proving that his injuries were more likely than not the result of the defendant's negligence." *Id.* (citation omitted); *see also Matthews v. Schwegmann Giant Supermarkets Inc.*, 559 So. 2d 488, 488 (La. 1990) (circumstantial evidence of fallen supermarket cans untouched by plaintiff "established that the condition of the shelf presented an unreasonable risk of harm which caused plaintiff's injury").

If a prima facie claim is made, the merchant "has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures." *Davis*, 774 So. 2d at 90 (citation omitted). With this burden shift, at the summary judgment stage, the movant-merchant must present its rebuttal of reasonable care as an "undisputed fact." *Triplett v. DG Louisiana, LLC*, No. 19-11896, 2020 WL 2219492, at *4 (E.D. La. May 7, 2020) (Ashe, J.) (denying motion for summary judgment). In sum, this duty imposes upon merchants the "responsibility to place the merchandise safely on the shelf in such a manner that the merchandise would not fall, as well as to replace safely on the shelf merchandise that had been moved or removed." *Smith*, 754 So. 2d at 215 (quotation cleaned up). Further, the Louisiana Supreme Court has determined the

4

failing merchandise standard does not present the heightened burden on claimants of Section § 9:2800.6(B), which refers specifically to injuries "where a customer 'falls' on a merchant's premises." *Davis*, 774 So. 2d at 90 (citing *Smith*, 754 So. 2d at 212 n.2).

Here, defendant contends its store was free from hazards and, in turn, Mrs. Ziegler was the cause of the accident. Referencing attached surveillance video, defendant describes the incident to occur after Mrs. Ziegler grabbed and tilted the first box, which put it in contact with the boxes stacked behind it and caused two to fall. Rec. Doc. 15-1 at 4. Defendant further insists the footage reveals that the boxes were prevented from contacting Mrs. Ziegler's head because she blocked them with her right arm. *Id.* at 4–5.

The overhead surveillance video captures the pertinent section of the shoe-rack aisle, but its removed vantage point and grainy production can provide somewhat questionable conclusions. *See* Rec. Doc. 15-5. From what is possible to discern from the video, Mrs. Ziegler stops in front of the vertically shelved shoe racks. *Id.* at 10:24:10. After a thirteen-second pause to look at the box, she reaches for the front box with her right hand, drawing the box down into her left hand. *Id.* at 10:24:23. Once in both hands and pulled to the side, the next two boxes immediately fall, perhaps about 12 inches. *Id.* at 10:24:24. It is unclear if their initial point of contact is with Mrs. Ziegler's head or her arm, but she quickly moves the two 11.6-pound boxes up with her right forearm. *Id.* Pushing the fallen boxes forward, Mrs. Ziegler supports them in place at around 160-degrees—short of vertical resting position of around 180-degrees. *Id.* at 10:24:27. Then, an unidentified Walmart employee quickly appears, helping Mrs. Ziegler push the boxes to a resting position. *Id*. Mrs. Ziegler appears to pat or rub her head. *Id.* at 10:24:33. Once she slides the first box horizontally onto the shelf, she appears to touch her head and neck, remaining visibly in the aisle another sixty-six seconds. *Id.* at 10:24:37–25:43. Just before disappearing down the aisle—and off the video—she readjusts the first box a second time. *Id.* at 10:24:34.

Reviewing the same footage, plaintiffs argue that Mrs. Ziegler did not touch the second or third

5

boxes and that the boxes fell on her head. Rec. Doc. 30-1 at 2. Arguably, the grainy surveillance video does not <u>clearly</u> support either party's position. However, one conclusion is crystalline: the evidence submitted in support and in opposition to summary judgment minimally present a genuine issue of material fact on comparative fault of the parties.

Similarly attempting to bring into focus grainy surveillance video in a falling merchandise action, the Middle District of Louisiana Court recently determined the ultimate collision cause "inconclusive," denying a merchant's motion for summary judgment. *Morris v. Wal-Mart Louisiana, LLC*, No. 21-723, 2023 WL 4854775, at *2, n.1 (M.D. La. July 28, 2023) (Jackson, J.) ("Walmart cites a grainy surveillance video and deposition testimony from multiple sources (none of whom actually observed the accident in real time) . . . ."). We echo the district court's conclusion: "[T]hese conflicting accounts must be resolved by the jury at trial." *Id.* Refraining from making credibility determinations but drawing inferences in favor of plaintiffs, we find a reasonable jury could find albeit barely that the cascade of boxes was caused by either plaintiff's or defendant's negligence, or the comparative fault of both.

Further, in the face of a prima facie claim, defendant provides no rebuttal evidence of its reasonable care. A merchant's showing that it followed reasonable policies and procedures can help rebut its negligence. *See Harrison v. Walmart, Inc.*, No. 20-2233, 2021 WL 1253978, at *4 (E.D. La. Apr. 5, 2021) (Vitter, J.) (citing *Mannina v. Wal-Mart Stores, Inc.*, 757 So. 2d 98, 103 (La. App. 5 Cir. 2000); *Smith*, 754 So. 2d at 214–15; *Davis*, 774 So. 2d at 90). However, at the summary judgment stage, such a rebuttal must be an "undisputed fact." *See Triplett*, 2020 WL 2219492, at *4; *see also Celotex*, 477 U.S. at 323 (where movant bears the burden of proof on an issue, it must "demonstrate the absence of a genuine issue of material fact").

Defendant does present extensive video evidence which shows the boxes do not appear to be leaning forward but were standing upright for at least an hour prior to Mrs. Ziegler's movement of one of them. Plaintiffs argue "that the shoe rack boxes did not fall for an hour preceeding the incident does

not negate the fact that the boxes were not stacked in a precarious position which caused them to fall." Rec. Doc. 30-1 at 6. In that regard, plaintiffs offer a speculative theory for the cascade of boxes: "At the back of the shelf there is a slightly elevated portion of the shelf that runs along the back wall. **If** a box is placed all the way to the back of the shelf on top of this feature, it causes the boxes to lean forward in a precarious position." *Id.* at 10. Plaintiffs contend post-incident photographs taken by Mrs. Ziegler at the time of her report filing show the elevated lip. *Id.* (citing Rec. Docs. 30-11, 30-12, and 30-13). To plaintiffs the photographs prove the boxes were "in a hazardous position and are prone to falling as soon as the first shoe rack box is removed, even if the other boxes are not touched." *Id.* at 11. Finally, plaintiffs argue the surveillance footage one hour preceding the incident only supports their claim, as "numerous Walmart employees can be seen walking past the shoe racks and isle [sic] where the injury occurred [, but a]t no point in time on the video does any Walmart employee examine or inspect the display." *Id.* at 13.

Defendant disputes a need to rebut plaintiffs' claim at all, contending it "only is required to show that there is an absence of factual support that it was negligent." Rec. Doc. 33 at 5. To that end, defendant argues it is impossible to know who stacked the boxes. *Id.* Further, without caselaw to support defendant avers the stacking is not negligent: "The act of having an 11-pound box on a second shelf is not automatically negligent. If it were negligent, stores could offer very little products for sale because most products would have to be placed on the ground." *Id.* At 5 – 6. Parties' contentions as noted earlier do not alter the direct and circumstantial evidence on causation and reasonable care. As a genuine issue of material fact exists, **albeit minimally**, as to the causation of the fallen boxes and comparative fault of the parties, this action is currently not amenable to resolution through motion practice.

New Orleans, Louisiana, this 16th day of September 2024

                                                              *[signature]*
                                           SENIOR UNITED STATES DISTRICT JUDGE