UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KELLY ZIEGLER ET AL**                                         **CIVIL ACTION**

**VERSUS**                                                      **NO. 24-246**

**WALMART STORES, INC. ET AL**                                  **SECTION "B"(1)**

**ORDER AND REASONS**

Before this Court are various motions filed by both parties. Defendant has filed a motion to strike/exclude plaintiffs' experts (Rec. Doc. 35); a motion to extend discovery deadline and to extend defense expert report (Rec. Doc. 47); a motion to strike/exclude plaintiffs' life care plan expert (Rec. Doc. 49); and a motion to extend discovery deadline and to extend defense expert report deadline (Rec. Doc. 51). Plaintiffs have filed a motion to strike/exclude defendant's supplemental and amended expert report (Rec. Doc. 53) and a motion to extend discovery deadline and to extend plaintiffs' expert report deadline (Rec. Doc. 55). For oral reasons given at today's hearing with oral argument from parties' counsels of record, and for reasons that follow,

**IT IS HEREBY ORDERED** that:

1. Defendant's motion to strike/exclude plaintiff's experts (Rec. Doc. 35) is **GRANTED IN PART** excluding the testimony of Dr. Charles Higgins and **DISMISSED IN PART AS MOOT** regarding the exclusion of Dr. Chance McInnis and Dr. Dhanpat Mohnot, as the parties have agreed not to utilize Dr. Chance McInnis and Dr. Dhanpat Mohnot's testimony during trial.

2. Defendant's motion to strike/exclude plaintiffs' life care expert, Denise Warren (Rec. Doc. 49) is **GRANTED**. Denise Warren will be excluded from trial as an untimely submitted expert.

3. Defendant's motion to extend discovery deadline and to extend defendant's expert

1

report deadline (Rec. Doc. 47) is **DISMISSED AS MOOT**.

4. Defendant's motion to extend discovery deadline and to extend defense expert report deadlines (Rec. Doc. 51) is **DISMISSED AS MOOT**.

5. Plaintiffs' motion to strike/exclude defendant's supplemental and amended expert report by Dr. William Gladney (Rec. Doc. 53) is **DENIED, subject to the allowance of a response to Dr. Gladney's "supplemental report" by plaintiffs' medical expert, if needed, within 14 days from today.**

6. Plaintiffs' motion to extend discovery deadline and to extend plaintiffs' expert report deadline (Rec. Doc. 55) is **DISMISSED, subject to the foregoing allowance given to plaintiffs' medical expert.**

**LAW AND ANALYSIS**

  A. **Expert Disclosures**

    1. **Doctor Charles Higgins**

Pursuant to Federal Rule of Civil Procedure 26, parties are required to "disclose . . . the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Disclosure requirements vary depending on witness categorization under Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(A), (C); Advisory Comm. Note 2010. There are two categories of experts, one where the expert witness is required to provide a written report and another where the expert witness is not required to provide a written report. *Lockett v. Doyle Dickerson Terrazzo, Inc.*, No. 19-14782, 2021 WL 6066697, at *2 (E.D. La. Nov. 3, 2021). Experts "retained or specially employed to give expert testimony" must provide an expert report pursuant to Rule 26(a)(2)(B). *Warren v. Mallory*, No. 18-11613, 2020 WL 4260448, *8 (E.D. La. 2020).

In contrast, while non-retained expert witnesses (e.g., treating physicians) are not required

to provide a written expert report under Rule (a)(2)(B), a 2010 amendment to Rule 26 now requires a non-retained expert witness to file a disclosure. *Id.* The disclosure must contain "(1) 'the subject matter on which the witness is expected to present evidence' as an expert witness, and (2) 'a summary of the acts and opinions to which the witness is expected to testify.'" Fed. R. Civ. P. 26(a)(2)(C). Under the "treating physician exception" these physicians are only allowed to testify to facts or data developed during treatment of the plaintiff. *Warren v. Mallory*, No. 18-11613, 2020 WL 4260448, *8 (E.D. La. 2020); *Morgan*, 2008 WL 7602163 at * 2; *Perdomo*, 2012 WL 2138106 at *4; *LaShip, LLC, v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008). If a treating physician's testimony "consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation," the testimony should be treated as that of an expert. *See Warren v. Mallory*, No. 18-11613, 2020 WL 4260448, *8 (E.D. La. 2020) (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757, n. 2 (7th Cir. 2004)).

Additionally, this Court has previously stated that testimony as to future medical treatment or *causation,* to the extent that determining *causation* was beyond a necessary part of treatment, has been considered the province of expert testimony subject to the requirements of section (a)(2)(B). *See id.* (citing *Rea v. Wis. Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at * 2 (E.D. La. Oct. 3, 2014)); *see also Carmona v. Forrest, No*. H-20-3922, 2023 U.S. Dist. LEXIS 114518, * 19 (S.D. Tex. 2023) (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870-71 (6th Cir. 2007)). This Court has also reasoned, where a physicians' testimony is prepared in anticipation of litigation by the attorney or relies on sources other than those utilized in treatment, courts have found that the treating physician's actions are more like an

expert and must submit a report under Rule 26(a)(2)(B). *See id.* (citing *Robert Parker, et al. v. NGM Insur. Co., et al.*, No. 15-2123, 2016 WL 3198613, at *2 (E.D. La. June 9, 2016)).

Moreover, this Court has ruled that if parties fail to adhere to the deadlines for disclosures this failure would result in "mandatory and automatic" exclusion under Federal Rule of Civil Procedure 37(c)(1). *See id.* (citing *Red Dot Bldgs. v. Jacob Tech., Inc.*, 2012 WL 2061904, at *3 (E.D. La. 2012); *Lampe Berger USA, Inc. v. Scentier, Inc.,* 2008 WL 3386716, at *2 (M.D. La. 2008)). This Exclusion would prohibit the party from using "that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *See id.* To assess the nature of the omission in its decision to strike the testimony, Courts evaluate four factors:(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007); *see also Stewart v. Gruber*, No. 23-30129, 2023 WL 8643633 (5th Cir. 2023).

Here, Dr. Higgins' designation was not timely made known. Additionally, while plaintiffs' assert that Dr. Higgins is not an expert witness requiring a Rule 26(a)(2)(B) report, plaintiffs were still obligated to file disclosures in accordance with Rule 26(a)(2)(C). Despite plaintiffs' claims, their "disclosures" do not fully satisfy the Rule 26(a)(2)(C) requirements. Specifically, the provided "disclosures" lacked a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Plaintiffs have not adequately shown that the failure to provide an expert report or proper disclosure was harmless or substantially justified. Plaintiffs, instead, argue they were not required to submit a written expert report under Rule 26 (a)(2)(B), and that the "disclosures" they did provide were adequate to adhere to the requirements found in Rule 26(a)(2)(C). Additionally, the

4

plaintiffs request that the Court consider any delays justified, noting that these delays stemmed partly from Kelly Ziegler's inability to pursue treatment due to the costs associated with the care recommended by her physicians in 2023 and in July of 2024. These self-imposed delays persuade the Court to believe that these delayed "disclosures" were not substantially justified or harmless. Furthermore, it comes as no surprise that the defendant believes Dr. Higgins' testimony could offer significant testimony regarding Kelly Ziegler's injuries. If this late addition were allowed on the eve of trial, the defendant would require final disclosures from Dr. Higgins, which have not yet been provided and are unlikely to be completed before trial due to the prescribed treatment plan. Additionally, the defendant would need extensions to their discovery deadlines to address this disadvantage. If allowed, this delay would have certainly prevented trial from commencing on November 18, 2024. Rec. Doc. 7.  The curative option for a new trial date, or continuance, within reasonable time frames is not a feasible remedy given noted circumstances and uncertainties.

    **2. Denise Warren**

The Court entered its scheduling order on February 20, 2024. *Id.* The deadline for plaintiffs to provide "written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for the plaintiff" was August 2, 2024. *Id.* at 2. Defendant was given until September 3, 2024, to provide its written expert reports. Additionally, the deadline to complete depositions and discovery occurred on October 1, 2024. *Id.* As clearly stated in the scheduling order, "the Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with [the scheduling order]." *Id.*

     Here, Denise Warren was secured to present testimony which the plaintiffs label as crucial to their case. Rec. Doc. 57 at 4. Again, Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. As Warren was "retained or specially employed to give expert testimony" she

was required to provide a timely expert report pursuant to Rule 26(a)(2)(B) and Rule 16. *Warren v. Mallory*, No. 18-11613, 2020 WL 4260448, *8 (E.D. La. 2020); Fed. R. Civ. P. 16.

Regarding the designation of Denise Warren as a lay witness, one must look to the Federal Rules of Evidence. A designated lay witness may offer an opinion so long as it is "(a) rationally based on the witness's perception; (b) helpful to clearly understan[d] the witness' testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. The definition of a life care planner and their ability to provide expert testimony is not disputed by the parties. Plaintiffs acknowledge that "generally, life care planners provide expert testimony because their opinions are based on specialized knowledge." Rec. Doc. 57 at 5. Further, plaintiffs assert that the medical cost projection resulted from the testimony of Ms. Ziegler's treating physicians and the opinion of the defendant's expert, Dr. Gladney. *See* Rec. Doc. 57; Rec. Doc. 68 at 2.

The argument that Warren is a lay witness, based on a supposed special relationship shared between Denise Warren and Kelly Ziegler is fundamentally flawed. If that designation was accepted, the Court would effectively become complicit in the plaintiffs' misrepresentation. Claiming an existence of an affinity beyond that of expert and client between Ms. Ziegler and Denise Warren is an unwarranted attempt to circumvent plaintiffs' own failure to comply with this Court's Scheduling Order and the Federal Rules of Civil Procedure. For these reasons, Denise Warren is excluded from the trial, as well as her untimely submitted expert report.

New Orleans, Louisiana, this 16th day of October, 2024

SENIOR UNITED STATES DISTRICT JUDGE